**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CHARLES ORANGE, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 6:24-CV-13-RWS-KNM |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § § | |

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Charles Orange, a prisoner confined at the Federal Correctional Institute Texarkana, proceeding *pro se*, filed this 28 U.S.C. § 2255 motion challenging his federal conviction. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition of the proceeding. Docket No. 2.

## I.    Procedural History and Background

After a jury trial, Petitioner was sentenced to 240 months' imprisonment—with a term of supervised release for life—for one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). Docket No. 13 at 1–2. Petitioner filed a direct appeal, and the United States Court of Appeals for the Fifth Circuit affirmed the conviction. *See United States v. Orange*, No. 21-40176, 2023 WL 2755584, at *1 (5th Cir. Apr. 3, 2023). This proceeding followed.

Petitioner raises several claims of ineffective assistance of trial and appellate counsel. Docket No. 1. Specifically, he maintains that trial counsel was ineffective in failing to investigate whether his email had been used on Google to access illegal pornography websites. *Id.* at 11. He also contends that appellate counsel was ineffective in failing to raise several issues on direct

appeal, including (1) an alleged *Brady* violation, (2) a *Batson* claim, (3) jury bias, (4) his right to confront his accuser, (5) an illegal search and seizure, and (6) prosecutorial misconduct. *Id.* at 2–15. The docket reflects that the sole issue on appeal was trial court error—namely, whether the trial court erred in permitting the Government to submit evidence of Petitioner's prior conviction for indecency with a child. Docket No. 13 at 1; *Orange*, 2023 WL 2755584, at *1.

On November 24, 2025, Magistrate Judge Mitchell issued a report and recommendation, recommending that Petitioner's motion be denied and that the case be dismissed with prejudice. Docket No. 13. The magistrate judge also recommended that the Court deny Petitioner's request for a certificate of appealability *sua sponte* because Petitioner failed to make a substantial showing of the denial of a constitutional right. *Id.* at 9–10. After the magistrate judge granted an extension of time in which to do so, Petitioner filed objections. Docket No. 16; Docket No. 20.

## II.    Petitioner's Objections

In his objections, Petitioner first faults the Government for contending that his trial counsel provided adequate representation. Docket No. 20 at 1. He states that he "still believes" that trial counsel's performance refutes the notion that his performance was effective during trial, as trial counsel "failed to conduct a proper investigation in the false allegations brought before the court." *Id*. Petitioner insists trial counsel was not prepared for trial given his lack of investigation and that during trial counsel's opening statement, counsel suggested that Petitioner was "guilty but that the all-white jury had to believe that without a reasonable doubt." *Id*.

Petitioner also claims in his objections that trial counsel was asked "to examine the Samsung phone for finger prints," but failed to do so. *Id*. Additionally, Petitioner complains that trial counsel failed to investigate a Wal-Mart receipt and two specific websites—again maintaining that trial counsel did not object to the racial makeup of the jury. *Id*. Petitioner further insists that trial counsel informed him that he could file a motion under 28 U.S.C. § 2255, which allegedly

proves that trial counsel was ineffective—otherwise Petitioner would not have been informed about how to file one. *Id.* at 1–2.

### III.    Discussion and Analysis

Petitioner's objections are overruled. Though Petitioner maintains that trial counsel was constitutionally ineffective for failing to investigate a Wal-Mart receipt, phone fingerprints, specific websites, and an "all white jury," a review of Petitioner's § 2255 motion reveals that he did not raise these claims with respect to trial counsel until now. Allegations raised for the first time in objections to a magistrate judge's report and recommendation are not properly before the Court and will not be considered. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, *1 (5th Cir. 2003) (unpublished) ("Generally, an issue raised for the first time in an objection to a magistrate judge's report is not properly before the district court and therefore is not cognizable on appeal.").

Furthermore, a review of Petitioner's underlying § 2255 motion reveals that, while he did raise these claims regarding appellate counsel, he did not raise them in regard to trial counsel. Docket No. 1 at 11. Rather, Petitioner claimed in his underlying motion that trial counsel was ineffective for failing to investigate whether his email had been used on Google to access illegal pornography websites. *Id.* He raised no other claim regarding trial counsel. *Id.* Accordingly, Petitioner's objections concerning trial counsel's ineffectiveness surrounding an alleged "all white jury," a Wal-Mart receipt, and Samsung fingerprints are not properly before the Court. Docket No. 20 at 1.

To the extent Petitioner presents a proper objection regarding the magistrate judge's rejection of his claim regarding trial counsel's alleged failure to investigate, claims of ineffective assistance of counsel are evaluated under the *Strickland* standard. In order to show that counsel

was constitutionally ineffective, a petitioner must show both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).

A petitioner alleging ineffective assistance of counsel must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). In evaluating whether counsel's conduct was deficient, the question is whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2015) (internal citation omitted). Moreover, to establish prejudice, a petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different. *Id*. And it is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694.

Turning directly to Petitioner's allegations, to show that counsel was ineffective in failing to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. Docket No. 13 at 5 (citing *United States v. Green,* 882 F.2d 999, 1003 (5th Cir. 1989)). Here, Petitioner generally claims that a review of his emails would show that he did not access pornography websites. But, as the magistrate judge determined, Petitioner neither shows trial counsel's deficient performance nor any ensuing prejudice. The record reflects that Petitioner's trial counsel requested discovery from the government concerning evidence linking Petitioner to child pornography—and that counsel retained an investigator to assist with the technical aspects of the charges. Docket No. 13 at 6 (citing Case No. 6:19-cr-0004-01, Docket Nos. 54-3–4; Docket No. 59).

Moreover, as highlighted in the report and recommendation, the government established at trial that Petitioner's Samsung phone contained illegal child pornography and that Petitioner's email address was used to register for (and access) child pornography websites using a Google Chrome browser on his Samsung phone, (No. 6:19-cr-0004-01, Docket No. 121 at 95–96; 122–24; 154–163 (trial transcript)). The jury found this evidence credible, and a claim of ineffective assistance of counsel will fail "if the facts adduced at trial point so overwhelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal." *See, e.g.*, *Green v. Lynaugh*, 868 F.2d 176, 177 (5th Cir. 1989).

Here, given trial counsel's retention of an expert to assist with and review the technical aspects of the charges against Petitioner—coupled with the government establishing at trial that Petitioner's own Samsung phone accessed illegal child pornography on Google Chrome—Petitioner failed to show that he was prejudiced by counsel's alleged failure to investigate Petitioner's Google browser history. He cannot demonstrate that the outcome would have been different, particularly given the overwhelming evidence of his guilt presented at trial.

Plaintiff did not object to the other portions of the magistrate judge's report and recommendation. Docket No. 20. For the foregoing reasons, Petitioner's objections are overruled.

## IV.    Conclusion

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. § 636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the Court concludes that the report and recommendation of the magistrate judge is correct. Accordingly, it is

**ORDERED** that the report and recommendation of the magistrate judge (Docket No. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Petitioner's objections (Docket No. 20) are **OVERRULED**. It is further

**ORDERED** that Petitioner's motion pursuant to 18 U.S.C. § 2255 (Docket No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that Petitioner's request for a certificate of appealability is **DENIED**. It is further

**ORDERED** that all motions which may be pending in this civil action are hereby **DENIED-AS-MOOT**.

**So ORDERED and SIGNED this 10th day of June, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE